**David CLEARY and Louis Ruggiero, Jr., Petitioners–Appellants,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–2490.

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Jeffrey A. Bronster, Livingston, N.J., for Petitioner–Appellant David Cleary.

Marc Fernich, New York, N.Y., Kim P. Bonstrom, New York, N.Y., for Petitioner–Appellant Louis Ruggiero, Jr.

Jonathan S. Kolodner, Assistant United States Attorney (Katherine Polk Failla, on the brief) for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent–Appellee.

PRESENT: CALABRESI, KATZMANN, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Petitioners–Appellants David Cleary and Louis Ruggiero, Jr. were convicted of multiple racketeering-related charges in July 1993. We assume the parties' familiarity with the facts underlying their convictions, their subsequent *habeas* petitions, *see Ruggiero v. United States,* 2001 WL 286751 (S.D.N.Y. Mar. 22, 2001), and the scope of issues on appeal, which we reference only as necessary to explain our decision.

Two years after their convictions became final, Appellants filed *habeas* motions based on new information that a juror, Evelyn Rojas, had failed to disclose potentially relevant information on voir dire. The district court (Baer, *J.*) denied this Sixth Amendment challenge, and while their appeal was pending before our court, Appellants requested, and obtained, a remand to district court in light of a second affidavit submitted by Rojas amplifying her original statement. On remand, the district court denied Appellants' motion to hold an evidentiary hearing on the issue of juror bias because the submission of new evidence was not timely under Federal Rule of Civil Procedure 60(b)(6). *See Ruggiero v. United States,* 2003 WL 22170608 (S.D.N.Y. Sept.18, 2003). In the consolidated appeal now before us, Appellants challenge the district court's original denial of their *habeas* petitions and the court's subsequent denial of their motion to hold an evidentiary hearing.

First, Appellants contend that the district court erred in holding that because Appellants had not raised the issue on direct appeal, they procedurally defaulted their Sixth Amendment juror bias claim. Appellants have not demonstrated actual

prejudice for substantially the reasons given by the district court; we therefore conclude that their Sixth Amendment claim is procedurally barred.

Second, Appellants argue that the district court erred in finding that submission of Rojas' second affidavit was untimely. Appellants had sufficient opportunity to obtain an additional statement from Rojas after the district court denied their original *habeas* petitions. Under the circumstances, the district court did not abuse its discretion in rejecting Appellants' submission and in refusing to hold an evidentiary hearing to explore further the issue of juror bias. *See Boule v. Hutton,* 328 F.3d 84, 95 (2d Cir.2003) (the denial of a Rule 60(b) motion is reviewed for abuse of discretion).

Finally, Appellants claim that (a) their appellate lawyers were constitutionally ineffective, (b) a hearing should have been held to clarify the testimony of a prosecution witness, and (c) the prosecution failed to disclose, in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that a co-defendant had made exculpatory statements before Appellants were prosecuted. These arguments are unavailing for substantially the reasons provided by the district court.

We have considered all of Appellants' claims and find them to be without merit. The judgment of the District Court denying the petition for writ of habeas corpus is, therefore, AFFIRMED.